IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

**CHRISTOPHER GUTHRIE and SHANE**                    **PLAINTIFFS**
**NORTH, Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                        No. 5:22-cv- 485-PRW

**SMART OILFIELD SOLUTIONS, LLC**                          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Christopher Guthrie and Shane North (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Colby Qualls of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action against Smart Oilfield Solutions, LLC ("Defendant"), state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and other similarly situated employees lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, during the time period relevant to this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered within the Western District of Oklahoma.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oklahoma has personal jurisdiction over Defendant, and Defendant therefore "resides" in Western District of Oklahoma.

## III. THE PARTIES

6. Plaintiff Christopher Guthrie ("Guthrie") is an individual and resident of Harrison County, Texas.

7. Plaintiff Shane North ("North") is an individual and resident of Harrison County, Texas.

8. Defendant is a domestic limited liability company.

9. Defendant's registered agent for service of process is Timothy R. Londagin at 10516 North 2010 Road, Elk City, Oklahoma 73644.

## IV. FACTUAL ALLEGATIONS

10. Defendant's primary business is servicing, operating, and providing rental equipment for oil wells.

11. Defendant acted as the employer of Plaintiffs and the proposed collective and has been engaged in interstate commerce as that term is defined under the FLSA.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce

or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. Guthrie was employed by Defendant as a Pump Supervisor from December of 2021 until March of 2022.

15. North was employed by Defendant as a Pump Supervisor from January of 2022 until March of 2022.

16. Within the time period relevant to this case, Defendant also employed other Pump Supervisors.

17. At all relevant times herein, Defendant directly hired Pump Supervisors to work at its facilities and job sites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

18. Plaintiffs were classified by Defendant as exempt from the overtime requirements of the FLSA and paid a salary.

19. Other Pump Supervisors were also classified as exempt from the overtime requirements of the FLSA and paid a salary.

20. As Pump Supervisors, Plaintiffs worked "in the field" and were responsible for rigging up, monitoring equipment, pumping and rigging down.

21. Other Pump Supervisors had the same or similar job duties as Plaintiffs.

Case 5:22-cv-00485-PRW     Document 1     Filed 06/14/22     Page 4 of 10

22. At all times material herein, Plaintiffs and other Pump Supervisors have been entitled to the rights, protection and benefits provided under the FLSA.

23. Plaintiffs regularly worked in excess of forty hours per week throughout their tenure with Defendant.

24. Upon information and belief, other Pump Supervisors regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

25. Defendant did not pay Plaintiffs and other salaried Pump Supervisors 1.5 times their regular hourly rate for hours worked over 40 each week.

26. Plaintiffs and other Pump Supervisors never agreed that their salary would be sufficient to cover all hours worked.

27. In performing their services for Defendant, Plaintiffs and other Pump Supervisors were not required to utilize any professional education relevant to their job duties.

28. Plaintiffs and other Pump Supervisors were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

29. During the course of their employment, Plaintiffs and other Pump Supervisors did not manage the enterprise or a customarily recognized subdivision of the enterprise.

30. Plaintiffs and other Pump Supervisors did not select any employees for hire or fire, nor did they provide any training for any employee.

Page 4 of 10
Christopher Guthrie, et al. v. Smart Oilfield Solutions, LLC
U.S.D.C. (W.D. Okla.) Case No. 5:22-cv-
Original Complaint—Collective Action

31. Plaintiffs and other Pump Supervisors did not have any control of or authority over any employee's rate of pay or working hours.

32. Plaintiffs and other Pump Supervisors did not maintain or prepare production reports or sales records for use in supervision or control of the business.

33. Similarly, Plaintiffs and other Pump Supervisors did not have any responsibility for planning or controlling budgets.

34. The duties of Plaintiffs and other Pump Supervisors were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

35. In carrying out their duties, Plaintiffs and other Pump Supervisors followed the processes put in place by Defendant and others.

36. Plaintiffs regularly drove, loaded or worked on vehicles which were less than 10,000 pounds.

37. Upon information and belief, other Pump Supervisors also regularly drove, loaded or worked on vehicles which were less than 10,000 pounds.

38. Upon information and belief, Defendant's pay practices were the same at all locations.

39. Defendant regularly assigned Plaintiffs and other Pump Supervisors so much work that they were unable to complete the assigned work in less than 40 hours per week.

40. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Pump Supervisors violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the relevant time period, who are entitled to payment of the following types of damages:

   A. Overtime wages for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

42. Plaintiffs propose the following collective under the FLSA:

   **All salaried Pump Supervisors within the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were classified by Defendant as salaried employees, exempt from the overtime requirements of the FLSA;

   B. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week;

   C. They regularly worked over forty hours in a week; and

D.   They had the same or substantially similar job duties and responsibilities.

46.   Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds twenty persons.

47.   Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48.   The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49.   The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of FLSA)

50.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52.   Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

53.   Defendant deprived Plaintiffs of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

54.   Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the past three years plus periods of equitable tolling.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

57. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant misclassified Plaintiffs and similarly situated employees as exempt from the overtime requirements of the FLSA.

60. Defendant required Plaintiffs and similarly situated employees to work in excess of forty hours each week but failed to pay Plaintiffs and the similarly situated employees overtime compensation for all of the hours in excess of forty in each workweek.

61. Defendant deprived Plaintiffs and other similarly situated employees overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

62. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated employees for monetary damages, liquidated damages, and costs including reasonable attorney's fees provided by the FLSA.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and similarly situated employees as provided by the FLSA, Plaintiffs and similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Guthrie and Shane North, each individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

G. An order directing Defendant to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com