## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| CHRISTOPHER GUTHRIE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-22-485-PRW |
| SMART OILFIELD SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

Before the Court is Plaintiffs' Motion for Conditional Certification and Notice to Class Members (Dkt. 14). Plaintiffs brought this action against Defendant, for themselves and on behalf of other employees, for alleged violations of the Fair Labor Standards Act ("FLSA").[1] On January 31, 2023, Plaintiffs filed the present motion, seeking a preliminary certification and notice to potential collective members. The matter is fully briefed. For the reasons discussed below, the Motion (Dkt. 14) is **GRANTED IN PART and DENIED IN PART**.

### *Background*

For several months, Plaintiffs Guthrie and North worked as Pump Supervisors for Defendant Smart Oilfield Solutions, LLC, an Oklahoma company that rents and services oil well equipment. Plaintiffs estimate that more than twenty other individuals were

---

[1] 29 U.S.C. §§ 201–219.

similarly employed as Pump Supervisors over the past three years. Defendant considered Pump Supervisors as salaried employees, and therefore classified them as exempt from the FLSA's overtime requirements. Plaintiffs contend that classification was erroneous, and that they and other Pump Supervisors are owed overtime pay for the weeks in which they worked more than forty hours. In addition, they contend that Defendant knew that its pay practices violated the FLSA, or that it recklessly disregarded that possibility.

Plaintiffs filed this case seeking to recover overtime wages and liquidated damages individually and as a collective action. In the Motion (Dkt. 14), Plaintiffs seek to conditionally certify the collective of Pump Supervisors and to distribute "opt-in" notices to potential collective members. Defendant does not oppose conditional certification, but argues for several modifications to the collective definition and the proposed notice processes and materials.

### Legal Standard

The FLSA allows "any one or more employees" to bring a collective action against their employer "for and on behalf of himself or themselves and other employees similarly situated."[2] Putative collective members must opt in to the FLSA action by consenting in writing.[3] Courts have discretion to "facilitat[e] notice to potential plaintiffs."[4] The 10th Circuit has endorsed the *ad hoc* approach, a two-step process to help ensure that only

---

[2] § 216(b).

[3] § 216(b).

[4] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–71 (1989).

"similarly situated" plaintiffs join the action.[5] In the first step, the court makes "an initial 'notice stage' determination of whether plaintiffs are 'similarly situated,'" based on a showing of "substantial allegations that the putative [collective] members were together the victims of a single decision, policy, or plan."[6] If such a showing is made, the court generally approves an initial notice of the action to potential plaintiffs.[7] Such notice must be "timely, accurate, and informative," and "avoid even the appearance of judicial endorsement of the merits of the action."[8] In the second step, generally at the close of discovery, the court performs a more stringent review to weed out those not similarly situated on a per-plaintiff basis.[9] Several factors go into this review, including "disparate factual and employment settings of the individual plaintiffs; [and] the various defenses available to defendant which appear to be individual to each plaintiff[.]"[10]

## *Discussion*

As noted above, the parties do not disagree on the course of conditional certification. Their remaining disputes fall into three categories: (1) the definition of the putative collective members to be notified; (2) the logistics of Defendant's disclosing employee

---

[5] *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102–04 (10th Cir. 2001).

[6] *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[7] As here, this first step is commonly referred to as "conditional certification." That language, borrowed from the context of class actions, may be a misnomer for § 216(b) collective actions. *See Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023).

[8] *Hoffman-La Roche*, 493 U.S. at 172, 174.

[9] *Thiessen*, 267 F.3d at 1102–03.

[10] *Id.*

3

contact information to effect notice; and (3) the details of the notice process and forms to be employed. The Court will address each in turn.

## I. Potential Plaintiffs

The presently named plaintiffs request that notice of this action be sent to "All salaried Pump Supervisors since June 14, 2019."[11] Plaintiffs allege that other Pump Supervisors are similarly situated to themselves because they performed similar work and were subject to the same overtime policy.[12]

Defendant requests that notice be sent to "All salaried Pump Supervisors since [date three years prior to conditional certification order] who have not executed an Arbitration Agreement with Smart Oilfield Solutions, LLC."[13] Defendant argues that the date limitation is necessary to exclude individuals time-barred from participation in the action. The FLSA imposes a maximum limitations period of three years,[14] and for opt-in plaintiffs, the action is considered to be commenced at the time written consent is filed.[15] Plaintiffs respond that at the notice stage, the Court should err on the side of inclusion, and address

---

[11] Pls.' Mot. for Conditional Certification (Dkt. 14), at 1.

[12] *See Renfro v. Spartan Comp. Servs., Inc.*, 243 F.R.D. 431, 433–34 (D. Kan. 2007) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").

[13] Def.'s Resp. (Dkt. 19), at 2.

[14] § 255(a). Non-willful violations of the statute are subject to a two-year limitations period.

[15] § 256(b).

time-barred claims "if and when they join the litigation."[16] The Court agrees that Plaintiffs' position more closely aligns with the Tenth Circuit's formulation of the *ad hoc* approach, and accordingly rejects Defendant's proposed modification to the relevant time period of the proposed collective.

Defendant also argues that employees who signed an arbitration agreement should be excluded from the potential plaintiffs to be notified. This is so, says Defendant, because those employees are not potential plaintiffs at all: by signing arbitration agreements, those employees have agreed not to join actions like this one. Defendant points to recent decisions by the Fifth and Seventh Circuits holding that, at least where the existence of arbitration agreements is unquestioned, notice to employees covered under such agreements is improper.[17] Defendant attaches eighteen signed arbitration agreements as an exhibit to its Response (Dkt. 19).[18] Plaintiffs respond with decisions from courts in other circuits that favor casting a wide net and including employees who may have signed arbitration agreements in the initial round of notices.[19] These courts reason that excluding such employees is improper because arbitration agreements may ultimately be deemed

---

[16] Pl.'s Reply (Dkt. 20), at 2 (quoting *Turner v. Concentrix Servs.*, No. 18-CV-1072, 2020 WL 544705, at *7 (W.D. Ark. Feb. 3, 2020)).

[17] *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049–51 (7th Cir. 2020) (noting that it may be inefficient to send notice to certain individuals not able to join the action); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501–03 (5th Cir. 2019). The Sixth Circuit recently weighed in, adopting a "strong likelihood" standard, with the burden on the plaintiffs, at the notice stage. *Clark*, 68 F.4th at 1009–11.

[18] Ex. 1 (Dkt. 19).

[19] Pls.' Reply (Dkt. 20), at 3–4.

invalid or unenforceable for a number of reasons, meaning some individuals who could properly join as plaintiffs will not be on notice of the collective action.[20]

The Tenth Circuit has not weighed in on this specific issue. However, the court's discussion of the *ad hoc* approach—in particular its statement that the second step is the appropriate time to address "various defenses available to defendant which appear to be individual to each plaintiff"[21]—has led most courts in this Circuit to favor Plaintiff's approach.[22] This Court will do the same and reject Defendant's language limiting the collective definition for purposes of initial notice. However, the notice documents must fully equip potential plaintiffs to make an informed decision whether to join the action, and the possible existence and effect of arbitration agreements is relevant to that determination. Accordingly, Plaintiffs shall include in the Notice document a provision explaining how an arbitration agreement and release of claims could affect a potential opt-in plaintiff.[23]

---

[20] *See, e.g.*, *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 404 F. Supp. 3d 529, 534 (D. Mass. 2019).

[21] *Thiessen*, 267 F.3d at 1103.

[22] *See Pogue v. Chisholm Energy Operating, LLC*, No. 20-CV-00580-KWR-KK, 2021 WL 5861184, at *8 (D.N.M. Dec. 10, 2021) ("[T]he current weight of law in this Circuit holds that a collective may be conditionally certified, and notice given, notwithstanding that some of the prospective members of the collective may have signed arbitration agreements.").

[23] *See Stoddard v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-21-308-F, 2022 WL 2960131, at *4 (W.D. Okla. July 26, 2022); *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 18-CV-00979-APG-CWH, 2019 WL 3430770, at *5 (D. Nev. July 29, 2019).

## II. Employee Information

The parties' next disputes concern the logistics of Defendant providing employee contact information to assist in the initial round of notice. The first issue is what information Defendant is to disclose: Plaintiffs ask for company email addresses, Defendant counters with personal email addresses. The second issue is how much time Defendant is given to produce the information: Plaintiffs ask for a deadline of seven days, Defendant requests at least thirty days.

As to the first issue, the Court agrees with Defendant that facilitating notice through company-sponsored channels is unnecessary.[24] As discussed below, notice will be permitted via U.S. mail and email. Defendant shall disclose names, last known addresses, and any known personal email addresses of potential opt-in plaintiffs. That information should be enough to effect service by at least one of the approved methods.

As to the second issue, the Court tends towards Plaintiffs' proposed timeline. Given the size of the estimated group of potential plaintiffs, and the fact that Defendant should have fast and ready access to its own employee records, the Court finds that two weeks is sufficient for Defendant to provide the required information.

## III. Notice Process and Form

Finally, the parties dispute several aspects of the proposed notice procedure and the Notice form. Plaintiffs' Motion (Dkt. 14) asks for an opt-in period of ninety days, starting

---

[24] *See Tapley-Smith v. Pacesetter Claims Service, Inc.*, No. 18-CV-1488-J-32JRK, 2020 WL 1862629, at *3 (M.D. Fla. Apr. 14, 2020) (limiting notice to personal emails).

from the date that they receive potential collective member information from Defendant. Plaintiff asks for notice to be distributed via U.S. mail and email, and that reminder notices be sent thirty days after the initial mailings. Plaintiffs also attach the proposed Notice forms for both formats as exhibits to the motion.[25]

While Defendant does not object to notice via U.S. mail and email, Defendant does argue that an opt-in period of forty-five days is sufficient, and that no reminder notices be permitted. In addition, Defendant proposes several changes to the Notice forms. First, Defendant asks that a statement appear at the beginning of the Notice clearly stating the Court's neutrality in the case. Second, Defendant proposes changes to the Notice to provide more details about obligations to participate in the case if plaintiffs choose to opt in, as well as details of Plaintiffs' contingency fee arrangement and the potential to be held liable for Defendant's costs and fees. Third, Defendant objects to several paragraphs in the proposed Notice that direct potential plaintiffs to Plaintiffs' counsel for information about the case.

In their Reply (Dkt. 20), Plaintiffs note that they do not oppose all of the changes included in Defendant's redlined version of the proposed Notice.[26] However, they do push back on the substantive objections just discussed. First, Plaintiffs do not object to the inclusion of Defendant's proposed statement of judicial neutrality but do object to it being presented in bold typeface and capital letters. Second, Plaintiffs maintain that the existing language in the proposed Notice provides the appropriate level of detail regarding

---

[25] Exs. 1, 2 (Dkt. 14).

[26] Pls.' Reply (Dkt. 20), at 5.

participation obligations and the contingency fee arrangement. Plaintiffs also object to the inclusion of a statement regarding the possibility of plaintiffs being held liable for Defendant's fees and costs. Plaintiffs argue that Defendant's proposed changes are designed to discourage participation without meaningfully relaying needed information to recipients. Third, Plaintiffs state that the paragraphs directing recipients to contact Plaintiffs' counsel help ensure fully informed opt-in decisions.

Regarding procedure, the Court finds some force in Defendant's argument that a ninety-day opt-in period is more than necessary to reasonably enable potential plaintiffs to consider their options. The relatively small universe of potential plaintiffs, notice by mail and email, and the option to opt-in electronically, all counsel in favor of a narrower opt-in window. However, the Court rejects Defendant's argument that reminder notices are improper or implicate the Oklahoma Rules of Professional Conduct regarding solicitation. While reminder notices are not utilized in every case, they are not an uncommon feature of class or collective actions like this one. None of the authorities cited by Defendant adopt its ethical argument; one determined that the "strained interpretation" of the professional conduct rules "can be rejected out of hand." This Court does likewise. Accordingly, the Court approves a sixty-day opt-in period, and will allow a reminder notice to be sent to unresponsive recipients thirty days after the initial mailings.

Regarding the content of the proposed Notice, the Court finds as follows. First, the Court agrees with Plaintiffs that placing Defendant's proposed judicial neutrality statement at the top of the Notice sufficiently emphasizes the Court's neutrality, and that it need not be in bold, capital letters. Second, the Court agrees with Plaintiffs that the language in the

proposed Notice relating the possible obligations of joined plaintiffs "to provide information, sit for depositions, and testify in court," provides sufficient detail to recipients.[27] The existing discussion of contingent fees coming out of any money judgment is similarly appropriate. And the Court rejects Defendant's proposed inclusion of a statement regarding the possibility that plaintiffs are ultimately held responsible for Defendant's fees and costs.[28] Third, the Court agrees with Defendant that paragraphs 2 and 12 of the proposed Notice, directing recipients to contact Plaintiffs' counsel for more information, are improper. The goal of the Notice is to fully and accurately inform recipients of the case and their right to participate. Paragraphs 6 and 11 of the proposed Notice adequately disclose the fact of Plaintiffs' representation as well as contact information. The additional provisions of paragraphs 2 and 12 go beyond the scope and goals of the Notice and shall be deleted.

### *Conclusion*

In accordance with the foregoing discussion, the Motion (Dkt. 14) is **GRANTED IN PART and DENIED IN PART**, and the Court **ORDERS** as follows:

(1)     This action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) for notice purposes only. The collective is conditionally defined as follows:

All salaried Pump Supervisors since June 14, 2019.

---

[27] Ex. 1 (Dkt. 14), at 2.

[28] *See Phelps v. MC Commc'ns, Inc.*, No. 11-CV-00423-PMP-LRL, 2011 WL 3298414, at *7 (D. Nev. Aug. 1, 2011).

(2)     Defendant shall provide within fourteen (14) days of the date of this Order the name, last known address, and personal email address (if available) of each putative collective member. This information shall be provided to Plaintiffs in an easily accessible electronic format such as Excel or Word.

(3)     The parties shall meet and confer on the content of the Notice to be sent to the potential opt-in plaintiffs in accordance with the determinations made in this Order. The parties shall submit a proposed Notice to the Court for approval within thirty (30) days of the date of this Order.

(4)     Upon Court approval, the Notice shall be sent via U.S. mail and email to employees identified in (2) within ten (10) days of that approval.

(5)     Each recipient of the Notice shall have sixty (60) days from the date of the mailing to return the consent to join form to join this litigation.

(6)     Thirty (30) days from the date of the initial mailing, a reminder Notice shall be sent via U.S. mail and email to the potential opt-in plaintiffs who have not yet returned a consent to join form.

**IT IS SO ORDERED** this 13th day of October 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE