IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>SMART OILFIELD SOLUTIONS, LLC<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)　Case No. 5:22-cv-485-PRW<br>)<br>)<br>)<br>)<br>)<br>) |

## UNOPPOSED MOTION FOR LEAVE OF COURT TO FILE SETTLEMENT AGREEMENT UNDER SEAL AND REDACT MOTION TO APPROVE SETTLEMENT

Pursuant to ECF Polices & Procedures Manual, § III(A), Defendant Smart Oilfield Solutions, LLC ("SOS") files this Unopposed Motion to File Under Seal the Parties' settlement agreement and its exhibits (the "Agreement"). The Parties intend to file the Agreement as an exhibit with a forthcoming Joint Motion to Approve FLSA Settlement (the "Motion"). Further, SOS requests leave to file a redacted version of the Motion. In support of its application, SOS states as follows:

1.　　Plaintiffs' counsel has been contacted and does not oppose this motion to file under seal.

2.　　On June 14, 2022, Plaintiffs filed the instant action against Defendant, asserting a claim for alleged overtime violations under the FLSA. Specifically, Plaintiff Christopher Guthrie alleges he was employed as a salaried Pump Supervisor from December 2021 until March of 2022 and Plaintiff Shane North alleges he was employed as a salaried Pump Supervisor from January of 2022 until March of 2022. Plaintiffs allege

they were misclassified as exempt from the overtime requirements of the FLSA and paid a salary with no overtime premium for hours worked over 40 each week. Defendant timely answered Plaintiffs' Complaint on December 5, 2022, denying liability based on, among other things, the application of the executive, administrative exemption and/or other exemptions to the FLSA. Despite the disputed positions, the Parties have reached a global settlement. This confidential settlement fully resolves Plaintiffs' FLSA claim and will result in a dismissal of the lawsuit. The Agreement was reached after arms'-length negotiations and after SOS provided Plaintiffs with information about the alleged damages of the Plaintiffs and the Putative Class.

3.     The Parties negotiated confidentiality as a part of the Agreement, and confidentiality is a key term of the Agreement.

4.     Because Plaintiffs' claims are asserted under the FLSA, the parties desire to submit the Agreement to the Court for its approval of the Agreement.

5.     Because the terms of the Agreement are confidential, SOS wishes for Exhibit 1 to the Motion, the Agreement, to be filed under seal. Moreover, the Motion contains references to the terms of the Agreement, including the amounts of settlement payments under the Agreement. If necessary, SOS also requests to file a redacted version of the Motion with such information redacted. Plaintiffs do not oppose this request.

6.     The granting of this Motion is vested in the discretion of the Court. Many judges in this district and courts around the country have exercised this discretion and sealed FLSA settlement agreements or related motions. For example, the following courts found good cause and allowed FLSA settlements to be filed under seal:

- *Leila Lenore et al. v. Oklahoma Blood Institute*, CIV-17-1326-D (W.D. Okla. Nov. 15, 2019) (Doc. # 49)

- *Chad McElveen et al. v. Quality Integrated Services, Inc.*, CIV-18-414-C (W.D. Okla. June 17, 2019) (Doc. # 40)

- *Brenda Simmons et al. v. Oklahoma Heart Hospital, L.L.C. et al.,* CIV-17-607-HE (W.D. Okla. Nov. 2, 2018) (Doc. # 56)

- *Burgess et al. v. Archer Pressure Pumping, LLC et al.*, CIV-13-1171-C (W.D. Okla. Oct. 29, 2015) (Doc. # 69)

- *Tiffany Wagner et al. v. Lopez Foods, Inc.*, CIV-10-67-M (W.D. Okla. April 3, 2012) (Doc. # 84)

- *Shirley S. Jackson et al. v. Eldercare of Central Oklahoma, LLC*, CIV-09-00829-R (W.D. Okla. April 26, 2010) (Doc. # 21)

- *Joseph Farese et al. v. Strata Energy Services, Inc.*, No. 14-CV-189-C (D. Wyo. Sept. 21, 2015) (Doc. # 45).

- *Marshall v. Acro Serv. Corp. and Acro Staffing, Inc.*, Case No. 3:11-cv-00521 (S.D. Tex. June 15, 2012) (Doc. # 21)

- *Kinkaide v. Shell Oil Products U.S.*, Case No. 4:08-cv-3272 (S.D. Tex. July 20, 2009) (Doc. # 13)

- *Gandara v. N. Tex. Bomanite, Inc. et al.*, Case No. 3:10-cv-01952-M (N.D. Tex. Sept. 7, 2011) (Doc. # 25)

- *Owen v. Golf & Tennis Pro Shop, Inc. d/b/a PGA Tour Superstore*, Case No. 4:09-cv-00571 (E.D. Tex. April 7, 2011) (Doc. #40)

- *Arellano et al. v. Sorensen Indus., Inc.*, Case No. 3:10-cv-02115-BD (N.D. Tex. Feb. 17, 2012) (Doc. # 51)

- *Lopez et al. v. Denali Constr. Serv., LLC et al.*, Case No. 3:10-cv-02117-N (N.D. Tex. Sept. 16, 2011) (Doc. # 20)

- *Rodriguez v. Jasuman Enter., Inc., et al.*, 3:11-cv -00093-BD (N.D. Tex. May 9, 2011) (Doc. # 18)

- *Linda Miller v. Knapp Logistics Automation GMBH*, Case No. 1:09-cv-02896-OF (N.D. Ga. Nov. 6, 2009) (Doc. #5)

- *Renfro et al. v. Spartan Computer Serv., Inc.*, Case No. 2:06-cv-02284-KHV-DJW (D. Kan. June 26, 2008) (Doc. #372)

- *Hernandez v. Trinity Tech. Group, Inc., et al.*, Case No. 3:09-cv -02412-THE (N.D. Cal. Feb. 5, 2010) (Doc. #25)

- *Smallwood, et al. v. Illinois Bell Tel. Co.*, Case No. 09-cv-4072 (N.D. Ill. Nov. 18, 2010) (Doc. #119)

- *Saenz v. Erick Flowback Services, LLC* (and consolidated cases), Case No. CIV-14-593-D (W.D. Okla. May 23, 2016) (Doc. # 121).

- *Adams v. Drill Right Technology, Inc.*, Case No. CIV-15-664-F (W.D. Okla. Feb. 16, 2017) (Doc. # 450).

- *Bond v. Devon Energy Corporation.*, Case No. CIV-23-0347-HE (W.D. Okla. Nov. 9, 2023) (Doc. # 23).

7. However, some courts have ruled against sealing FLSA settlements. *See Oates v. Kinder Morgan Energy Partners,* CIV-19-1171-SLP, 2021 WL 10132105, *1 (W.D. Okla. May 19, 2021); *Gassel v. Am. Pizza Partners, L.P.*, No. 14-CV-00291-PAB-NYW, 2015 WL 5244917, at *5 (D. Colo. Sept. 8, 2015); *McCaffrey v. Mortgage Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2010 WL 4024065, at *2 (D. Kan. Oct. 13, 2010). *But see Lewis v. Bushwood Investments, LLC*, No. 13-2610-JAR-JPO, 2015 WL 1523895, at *1 (D. Kan. Apr. 3, 2015) (stating in the order approving settlement that the Court reviewed the settlement agreement provided under seal).

8. Here, filing the settlement agreement under seal and redacting the Motion protects SOS's interests. The Agreement and the Motion reveal the amount SOS has agreed to pay to resolve Plaintiffs' and the Putative Class' FLSA claims. SOS's industry is

4

competitive. Records reflecting how much SOS is paying could potentially be used by competitors seeking to gain a competitive advantage. Because of this, confidentiality was a key term negotiated in the Agreement. SOS seeks to file under seal in order to obtain the whole benefit of the Agreement that it bargained for at arms'-length with Plaintiffs, including keeping the amount of the settlement from public disclosure.

9. The public interest is also advanced by allowing the settlement agreement and related documents to be sealed because it encourages settlement negotiations and agreements, and preserves judicial resources. The Court's oversight and approval of the settlement agreement also protects the public's interest.

Therefore, SOS seeks leave of court to file under seal the settlement agreement as an exhibit to the forthcoming Joint Motion to Approve Settlement, of which SOS seeks to file a redacted version. A proposed order is being submitted contemporaneously herewith.

Respectfully submitted,

*s/ Philip R. Bruce*
Philip R. Bruce, OBA # 30504
Alyssa N. Lankford, OBA # 33944
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  731020-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
philip.bruce@mcafeetaft.com
alyssa.lankford@mcafeetaft.com

**ATTORNEYS FOR SMART OILFIELD SOLUTIONS, L.L.C**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

    Sean Short, Ark. Bar No. 2015079
    Sanford Law Firm, PLLC
    10800 Financial Centre Parkway, Suite 510
    Little Rock, AR 72211
    Telephone: (800) 615-4946
    Facsimile:  (888) 787-2040
    sean@sanfordlawfirm.com

    **ATTORNEY FOR PLAINTIFFS**

                              s/ *Philip R. Bruce*
                              Philip R. Bruce