IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Other Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-22-485-PRW |
| SMART OILFIELD SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Unopposed Motion for Leave of Court to File Settlement Agreement Under Seal and Redact Motion to Approve Settlement (Dkt. 33). Defendant represents that the parties have reached a settlement agreement and wish to submit the agreement for the Court's approval. Defendant requests leave to file the agreement and related motion to approve the agreement under seal.

Defendant has simply stated that confidentiality is a "key term" of the negotiated agreement[1] and that confidentiality is important to protect Defendant against an unclear "competitive advantage" from others in its industry.[2] Defendant's rationales fail to demonstrate sufficiently that its interests in sealing the agreement outweigh the

---

[1] Def.'s Mot. Leave. File. Settle. (Dkt. 33), at 2.

[2] *Id.* at 5

1

"presumptively paramount" interest of the public in accessing court documents.[3] Because this is a Fair Labor Standard Act suit, part of the Court's calculus in approving such an agreement is whether doing so would "not frustrate the purposes of the FLSA."[4] Accordingly, this calls for more than conclusory statements from parties seeking seal in such circumstances, as the settlement agreement is important to the scheme Congress created in effectuating the policy goals of the FLSA.[5]

A mere interest in keeping the terms of the settlement agreement confidential and conclusory statements about avoiding competitive disadvantage are not enough to justify its seal.[6] Courts in this Circuit have previously held that appeals to confidentiality provisions and concealing dollar amounts fail to outweigh the public interest in disclosure.[7] Every settlement agreement discloses the amount of money exchanged to settle the action, and if seal were to be granted to protect that information based on unclear concerns about industry competition or to protect the bargained for confidentiality between parties, the public ability to access FLSA settlement agreements would be seriously endangered.

---

[3] *United States v. Pickard,* 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Helm v. Kansas,* 656 F.3d 1277, 1292 10th Cir. 2011) (internal quotation marks omitted)).

[4] *Oates v. Kinder Morgan Energy Partners*, CIV-19-1171-SLP, 2021 WL 10132105, *1 (W.D. Okla. May 19, 2021) (quoting *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1355 (11th Cir. 1982)).

[5] *See Baker v. Vail Resorts Management Co.,* 2014 WL 700096, *2 (D. Colo. Feb. 24, 2014) (noting the importance of FLSA settlement agreements being available to future plaintiffs who would benefit from knowing about previous allegation of improper conduct by a defendant) (citation omitted)).

[6] *Id.*

[7] *Oates,* 2021 WL 10132105, at *1–2 (collecting cases).

For the reasons stated above, Defendant is **ORDERED** to supplement its Motion (Dkt. 33) on or before July 22, 2025, detailing why its interest in sealing the proposed settlement agreement outweighs the public interest.

**IT IS SO ORDERED** this 15th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE