IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMART OILFIELD SOLUTIONS, LLC, <br><br> Defendant. | Case No. CIV-22-485-PRW |

**DEFENDANT'S SUPPLEMENT TO MOTION FOR LEAVE OF COURT TO FILE SETTLEMENT AGREEMENT UNDER SEAL AND REDACT MOTION TO APPROVE SETTLEMENT**

Pursuant to the Court's July 15, 2025 Order (Dkt. 34), Defendant Smart Oilfield Solutions, LLC ("SOS") files this Supplement to address the concerns raised by the Court. In its Unopposed Motion for Leave of Court to File Settlement Agreement Under Seal and Redact Motion to Approve Settlement (Dkt. 33), SOS explained that it (without opposition from Plaintiffs) wished to file the settlement agreement and its exhibits (the "Agreement") under seal pursuant to the Agreement's specifically negotiated confidentiality provision.[1] SOS also set forth the reasoning underlying its request. Namely, SOS sought to protect the amount of the settlement due to the competitive nature of its industry (*i.e.*, to prevent

---

[1] In its Order, the Court stated that SOS "requests leave to file the agreement and related motion to approve the agreement under seal." 7/15/2025 Order at 1. SOS apologizes if its requested relief was unclear, but it does not seek leave to file the Joint Motion to Approve FLSA Settlement under seal. Instead, SOS seeks leave to file the Agreement as an exhibit under seal and a publicly filed redacted version of the Joint Motion. Any redactions would be limited to the amounts of the settlement.

competitors from gaining a competitive advantage from information they would not otherwise have), and the sealing of the Agreement encourages settlement negotiations and preserves judicial resources.

The Court, however, noted that SOS's "rationales fail to demonstrate sufficiently that its interests in sealing the agreement outweigh the 'presumptively paramount' interest of the public in accessing court documents." 7/15/2025 Order at 1-2. Specifically, the Court cited two orders from district courts in the Tenth Circuit—*Oates v. Kinder Morgan Energy Partners, L.P.*[2] and *Baker v. Vail Resorts Mgmt. Co.*[3]—in concluding that "if seal were to be granted to protect that information based on unclear concerns about industry competition or to protect the bargained for confidentiality between parties, the public ability to access FLSA settlement agreements would be seriously endangered." *Id.* at 2.

The Court's concerns are well-taken, but, respectfully, SOS's position is that this case is unlike *Oates*, *Baker*, or the majority of FLSA collective actions in which the court denied leave to file the settlement agreement under seal. Several important characteristics of this case, as will be explained below, tip the balance in favor of allowing the parties to file the Agreement under seal (and, if necessary, to publicly file a redacted version of the Joint Motion to Approve FLSA Settlement).

In *Oates*, the plaintiff brought an FLSA collective action against Kinder Morgan alleging that he, and those similarly situated, did not receive legally required overtime pay.

---

[2] No. CIV-19-1171-SLP, 2021 WL 10132105 (W.D. Okla. May 19, 2021).
[3] No. 13–cv–01649–PAB–CBS, 2014 WL 700096, (D. Colo. Feb. 24, 2014).

No. CIV-19-1171-SLP, 2023 WL 11987551, at *1 (W.D. Okla. Sept. 12, 2023). Although the court ultimately granted conditional certification for settlement purposes, it first denied the parties' request to file their settlement agreement under seal. The court opined that the parties' primary reliance on the settlement agreement's confidentiality provision was "not enough to justify sealing." *Oates v. Kinder Morgan Energy Partners, L.P.*, No. CIV-19-1171-SLP, 2021 WL 10132105, at *1 (W.D. Okla. May 19, 2021). The court also rejected the plaintiff's barebones reference to the settlement class members' privacy interest in their individual settlement amounts, encouragement of settlement negotiations, preservation of judicial resources, and competition between industry competitors. *See id.* at *2.

Like the plaintiff in *Oates*, the plaintiff in *Baker* brought an FLSA collective action against Vail Resorts, alleging that he, and those similarly situated, did not receive legally required overtime pay. No. 13–cv–01649–PAB–CBS, 2014 WL 700096, at *1. Based on a review of the docket, it does not appear that the court granted conditional certification or that Vail Resorts sent notices and consent forms to potential opt-in plaintiffs, and the court does not mention as much. Ultimately, though, the court approved the parties' settlement and, in doing so, noted in passing that "this case would give notice to future plaintiffs of prior allegations of defendant's improper conduct." *Id.* at *2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010)). But the court first noted that the parties' "**settlement agreement contains no confidentiality provision**, the terms of the settlement are public . . . ." *Id.* (emphasis added).

This case is markedly different from *Oates*, and *Baker* is not instructive. First, and as a brief aside, it is worth noting that Judge Palk's order in *Oates* appears to be a departure

3

from the norm in the Western District. To be sure, other district courts in the Tenth Circuit have denied requests to file FLSA settlement agreements under seal. But the majority of judges in the Western District—both before and after *Oates*—have allowed parties to do so. *See, e.g.*, *Burgess et al. v. Archer Pressure Pumping, LLC et al.*, No. CIV-13-1171-C (W.D. Okla. Oct. 29, 2015) (Dkt. 69); *Tiffany Wagner et al. v. Lopez Foods, Inc.*, No. CIV-10-67-M (W.D. Okla. Apr. 3, 2012) (Dkt. 84); *Shirley S. Jackson et al. v. Eldercare of Cent. Okla., LLC*, No. CIV-09-00829-R (W.D. Okla. April 26, 2010) (Dkt. 21); *Saenz v. Erick Flowback Servs., LLC (and consolidated cases)*, No. CIV-14-593-D (W.D. Okla. May 23, 2016) (Dkt. 121); *Adams v. Drill Right Tech., Inc.*, Case No. CIV-15-664-F (W.D. Okla. Feb. 16, 2017) (Dkt. 46); *Bond v. Devon Energy Corporation*., Case No. CIV-23-0347-HE (W.D.Okla. Nov. 9, 2023) (Dkt. 23); *Crawford v. Commercial Insurance.Net LLC*, No. CIV-23-541-D (W.D. Okla. Apr. 18, 2025) (Dkt. 58).[4] In other words, the weight of authority in the Western District appears to support SOS's position that confidential settlements in FLSA cases outweigh the public interest in having a publicly filed settlement agreement.

Second, *Baker* contains a passing reference—in a parenthetical—to the "importance of public access to settlement agreements in FLSA cases." *Id.* But the question of whether

---

[4] It appears that, even after 2011, the majority of judges in the Western District have allowed parties to file settlement agreements under seal despite "most courts [having] revisited [allowing parties to file settlement agreements under seal] in the context of FLSA settlement agreements and [began] require[ing] a particularized showing from the parties to overcome the presumption that an FLSA settlement agreement will not be sealed." *Dolores v. BJS, Inc.*, No. 17-2224-JWL, 2017 WL 4573311, at *2 (D. Kan. Oct. 13, 2017); *see also Oates*, 2021 WL 10132108, at *1 (quoting *Dolores*).

4

to allow the parties to file their settlement agreement under seal was not before the court. The court was instead analyzing whether to approve the parties' settlement as a general matter, and it specifically noted that the settlement agreement did not contain a confidentiality provision. *Id.* Here, the Court is tasked with making a different determination altogether, and the Agreement contains a specifically bargained-for confidentiality provision. Outside of its passing reference to the importance of public access to FLSA settlements, as a general proposition, *Baker* is not particularly applicable.

Third, the *Oates* settlement included "up to 1,370" settlement class members "who were generally employed by, or otherwise contracted with" one of ten different companies. *See* Ex. 1, Pl.'s Unopposed Mot. to Approve FLSA Settlement, *Oates v. Kinder Morgan Energy Partners, L.P.*, No. CIV-19-1171-SLP (W.D. Okla. May 21, 2021). Several of those entities had, at different points, sought to intervene in the case, and final approval of the settlement agreement was contested. *See* Ex. 2, *Oates* Docket Sheet. The procedural complexities and contested nature of the settlement reached in *Oates* is far different than the straightforward settlement reached here with four individuals, and the public interest in accessing the Agreement in this case—as opposed to *Oates*—is negligible.

Fourth, the Court has already granted conditional certification (Dkt. 25), and, in turn, SOS sent Court-approved notices and consent forms to all potential opt-in plaintiffs. During the notice period, only two individuals, Jose Rodriguez and Shawn Henry, consented to joining this case as opt-in plaintiffs. This is another important procedural distinction from *Oates*, where conditional certification had not been granted, and notice had not been given to potential opt-ins at the time the court declined to let the parties file

5

their settlement agreement under seal. In other words, notice of the allegations has been provided to any potential plaintiff in this case and filing the settlement agreement under seal would not deprive anyone of information about what claims could be asserted. While the Court may have concerns about the public and potential plaintiffs' interest in having access to a settlement agreement in a sizable "claims made" settlement, that same situation is simply not before the Court. The settlement before the Court is much more akin to a small run-of-the-mill employment discrimination or retaliation settlement, which are nearly universally kept confidential.

Fifth, all potentially applicable statutes of limitations governing the claims raised in this case against SOS have expired. "The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies." *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (citing 29 U.S.C. § 255(a)). Plaintiffs filed this case over three years ago, on June 14, 2022. Therefore, even if the filing of the Complaint were used as the date of accrual for pre-suit claims, and even if those claims arose from SOS's willful violations of the FLSA, SOS asserts those claims are time-barred.[5]

Sixth, real-world, commonsense considerations also weigh in favor of allowing the parties to file the Agreement under seal. SOS is a small Oklahoma-based business that provides oilfield-related services. It is not Kinder Morgan or some other publicly traded oil-and-gas company. It relies on hiring reliable workers, and retaining those workers, to

---

[5] SOS also changed its pay practices years ago and no longer classifies the putative class members as described in the class definition as exempt employees.

keep an advantage over its competitors. Frankly, if SOS loses an employee, it is very likely that the individual will move to a direct competitor within the industry. If the terms of the Agreement were public, SOS's competitors could easily see the amounts settled for and use that as a barometer of what SOS has paid its employees, thus making more likely the possibility that it would lose its employees to a competitor. For SOS, that is a real concern. Moreover, the settlement agreement specifically discloses what the four plaintiffs will receive. As a general matter, most individuals prefer not to have public records of how much they are getting paid from their employer or former employer. While individuals may voluntarily share their wage information, here confidentiality was negotiated and agreed to term with a small group of individuals.

Finally, in the undersigned's experience, having publicly available amounts for FLSA settlements makes resolution and settlement of cases more difficult. Both plaintiffs and defendants can (and it the undersigned's experience do) find previous amounts of settlements from the same firms, companies, or similar cases. This leads to creating unrealistic expectations or a potential "going rate" of similar cases that make settlement negotiations more difficult. Thus, cases are not resolved on their own specific facts, and the public interest is diminished, rather than furthered, with public settlement amounts.

Each of these differences—whether considered individually or collectively—should factor into the Court's analysis when deciding whether to allow the parties to file the Agreement under seal. And SOS respectfully submits that, upon consideration of those differences, the parties' interests in filing the Agreement under seal outweigh the presumption of public access to court documents.

Respectfully submitted,

*s/ Philip R. Bruce*
Philip R. Bruce, OBA # 30504
Alyssa N. Lankford, OBA # 33944
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  731020-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
philip.bruce@mcafeetaft.com
alyssa.lankford@mcafeetaft.com

**ATTORNEYS FOR SMART OILFIELD SOLUTIONS, L.L.C**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2025 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

      Sean Short, Ark. Bar No. 2015079
      Sanford Law Firm, PLLC
      10800 Financial Centre Parkway, Suite 510
      Little Rock, AR 72211
      Telephone: (800) 615-4946
      Facsimile: (888) 787-2040
      sean@sanfordlawfirm.com

      **ATTORNEY FOR PLAINTIFFS**

      s/ *Philip R. Bruce*
      Philip R. Bruce