# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

SMART OILFIELD SOLUTIONS, LLC

    Defendant.

Case No. 5:22-cv-485-PRW

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiffs Chris Guthrie and Shane North (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, and Defendant Smart Oilfield Solutions, LLC ("SOS" or "Defendant"), file this Joint Motion for Settlement Approval under the Fair Labor Standards Act ("FLSA"). As stated herein, the Parties request that the Court approve their settlement of Plaintiff's FLSA overtime claims and dismiss this action with prejudice. In support of the foregoing request, the Parties show the Court the following:

## I.      INTRODUCTION

Plaintiffs filed the above-captioned action against Defendant seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). On October 12, 2023, this Court entered an Order conditionally certifying an FLSA putative class. Following notice to the putative class members, two individuals, Jose Rodriquez and Shawn Henry, filed consents to join this action as opt-in Plaintiffs. Following conditional certification, the Parties' engaged in informal discovery. SOS provided Plaintiffs with

invoice records which reflected the amounts SOS paid for Plaintiffs' services. The Parties then engaged in good faith settlement discussions based on their respective views of the legal claims, defenses, and potential damages calculations. Ultimately, the Parties reached an agreement as to the material terms of the settlement, which has been memorialized in the FLSA Settlement Agreement attached hereto as **Exhibit A**. The Parties' settlement resolves a bona fide dispute between them and includes, among other provisions, payment of overtime compensation to Plaintiffs for the overtime hours Plaintiffs worked during the applicable statutory period. The Parties' settlement also provides for a reasonable attorneys' fee to Plaintiffs' counsel. As set forth above, the Parties' proposed settlement is the product of serious, informed, arms-length negotiations in which all Parties were represented by competent, experienced counsel. Accordingly, the proposed settlement between the Parties is a fair and reasonable resolution considering all the contested issues in the case and should be approved by this Court.

## II.     BACKGROUND

On June 14, 2022, Plaintiffs filed the instant action against Defendant, asserting a claim for alleged overtime violations under the FLSA. [*See generally* D.E. 1.] Specifically, Plaintiff Christopher Guthrie alleges he was employed as a salaried Pump Supervisor from December 2021 until March of 2022 and Plaintiff Shane North alleges he was employed as a salaried Pump Supervisor from January of 2022 until March of 2022. [D.E. 1 ¶¶ 14-15.] Plaintiffs allege they were misclassified as exempt from the overtime requirements of the FLSA and paid a salary with no overtime premium for hours worked over 40 each week. [*See* D.E. 1 ¶ 18.]

Defendant timely answered Plaintiffs' Complaint on December 5, 2022, denying liability based on, among other things, the application of the executive, administrative exemption and/or other exemptions to the FLSA. [*See* D.E. 10 at 7 (Defenses).] Specifically, as set forth in the Parties' Joint Status Report and Discovery Plan, Defendant asserts that Smart Oilfield Solutions, LLC, properly classified the Named Plaintiffs in this lawsuit as exempt employees under the FLSA's exemptions. Defendant Smart Oilfield Solutions, LLC, denied that it violated the Named Plaintiffs' rights under the FLSA or that the Named Plaintiffs were subjected to any wrongful conduct. Defendant denied that any collective action is proper. [*See* D.E. 13 at 2.]

The Parties exchanged information through informal discovery, including pay and time records for the Named Plaintiffs and opt-in Plaintiffs. Plaintiffs' counsel used this information to analyze the claims and calculate the alleged unpaid overtime premiums resulting from the asserted misclassification of Plaintiffs as exempt employees. Based on this review, Plaintiffs estimated that, if successful at trial, their maximum recovery of unpaid overtime wages under the FLSA would be approximately ████████ excluding any liquidated damages. This estimate reflects an analysis of Plaintiffs' recorded overtime hours and unpaid overtime premiums using the fluctuating workweek method for non-exempt employees who are paid a fixed weekly salary regardless of the number of hours they work in a week.

The Parties also discussed their relative risks in proceeding with the litigation and the cost and expense of continuing the litigation. For example, the Parties discussed the significant risk to Plaintiffs that Defendant would be successful in proving that Plaintiffs

were exempt from the overtime provisions of the FLSA in which case they would not be entitled to recover any damages.

Ultimately—and only after serious, informed, and arm's-length negotiations—the Parties arrived at the proposed settlement represented in the Settlement Agreement. (See Ex. A.) Pursuant to the Settlement Agreement, Defendant will pay the total amount of ▮▮▮▮▮▮ to resolve this litigation, of which ▮▮▮▮▮▮ would be paid directly to Plaintiffs and ▮▮▮▮▮▮ would be paid to Plaintiff's counsel. *Id.* The Parties believe this payment appropriately reflects the risks they face in litigating the FLSA claims in this case and represents a fair and reasonable compromise of a bona fide dispute between them without any admission of liability. Indeed, the Parties' settlement provides Plaintiffs with more than 100% of their maximum recovery of wages under the FLSA *if* they succeeded on their FLSA overtime claims. Accordingly, the Parties now move the Court for approval of the Settlement Agreement.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A. The Legal Standard for Approving FLSA Settlements

In a suit by an employee against his or her employer to recover back wages under the FLSA, the parties must present any proposed settlement to the Court for review and a determination of whether the settlement agreement is fair and reasonable. *See* 29 U.S.C. § 216(c); *Davis v. Crilly* 292 F. Supp. 3d 1167, 1170 (D. Colo. 2018) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).[1] Specifically, the

---

[1] The Parties note that the law in this judicial district with respect to whether court approval of FLSA actions is "somewhat in flux," with some courts holding that court

4

Court must "review the proposed settlement to ensure (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Id.* All three of these prerequisites are easily met in this case.

**B.     The Parties' Settlement Resolves a Bona Fide Dispute Between Them, is Fair and Reasonable to Plaintiff, and Provides Plaintiff's Counsel with a Reasonable Attorneys' Fee.**

First, there is a bona fide dispute between the Parties. The dispute concerns whether Plaintiffs are exempt from the minimum wage and overtime requirements of the FLSA pursuant to the executive or administrative exemption. *See* 29 U.S.C. § 213(a)(1). Defendant contends that Plaintiffs, who allege in their Complaint that they worked as a Pump Supervisors, were properly classified as exempt employees for the entirety for their employment and not entitled to overtime wages. [*See* D.E. 10 at 7 (Defenses).]; D.E. 13 at 2.] Plaintiffs claim they did not perform the duties required to meet the executive, administrative or motor carrier act exemption and that they are entitled to overtime wages for each week they worked in excess of 40 hours during the applicable statutory period. [*See* D.E. 1 ¶¶ 20-37.] Accordingly, Plaintiffs' Complaint and Defendant's Affirmative Defenses raise fact-dependent issues under the FLSA that are subject to dispute in this action based on the Parties' differing accounts of Plaintiffs' job duties. As such, a "bona

---

approval is optional and other courts holding that court approval is mandatory. *See, e.g., Lee v. Best Budz LLC*, No. 19–cv–02430–KMT, 2019 WL 5964966, at *1-3 (D. Colo. Nov. 12 ,2019) (discussing split among Colorado district courts and lack of authority from Tenth Circuit regarding same). Out of an abundance of caution, the Parties seek approval of their settlement in this action.

fide dispute" between the Parties exists. *See Morton v. Transcend Servs., Inc.*, No. 15–cv–01393–PAB–NYW, 2017 WL 977812, at *1 (D. Colo. Mar. 13, 2017) (discussing "bona fide dispute" requirements).

Second, the Settlement Agreement is fair and reasonable to Plaintiffs. The Parties were both represented by experienced wage and hour counsel who independently assessed Plaintiffs' claimed damages and discussed the existence of serious questions of law and fact that place the ultimate outcome of the litigation in doubt. The Parties also determined that the value of an immediate settlement far outweighs the speculative possibility of relief after protracted litigation and have concluded that the settlement is fair and reasonable. Indeed, under the Parties' settlement, Plaintiffs are receiving more than 100 percent of the amount he could recover as wages under the FLSA. Accordingly, the Parties have demonstrated that the settlement is fair and reasonable. *Morton*, 2017 WL 977812, at *2 (approving FLSA settlement and citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

Finally, the Settlement Agreement provides Plaintiffs' counsel with a reasonable attorneys' fee of ███████ which is consistent with the terms of Plaintiffs' contingency agreement.

The enforcement of a contingency arrangement in addition to a statutory award is proper under authoritative precedent. *See Venegas v. Mitchell*, 495 U.S. 82, 87 90 (1990). In *Venegas*, the Supreme Court of the United States stated that while the statute controls what a defendant must pay, it has no bearing on what the plaintiff must pay his attorney. *Id.* at 90. "What a plaintiff may be bound to pay and what an attorney is free to collect

6

under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order." *Id.* The Court noted that nothing in the statute, "by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award they may collect." *Id.* at 89.

A contingency award of 40% has been regularly approved in cases in the Eastern and Western Districts of Arkansas. *See Randall Huff, et al. v. Preferred Family Healthcare Inc.*, 2022 U.S. Dist. LEXIS 21660, at *2 (E.D. Ark. Feb. 7, 2022) (finding on a Motion for Reconsideration that, although plaintiffs' fees and costs were not separately negotiated, a contingency of 40% was reasonable given the facts of the case); see also Order, ECF No. 28, *Donna Allshouse, et al. v. The Joshua Agency, et al.*, Case No. 1:21-cv-1032-SOH (W.D. Ark. 2023); *Webb v. S. Aluminum Mfg. Acquisition, Inc.*, 2022 U.S. Dist. LEXIS 45822, at *10 (W.D. Ark. Mar. 15, 2022).

## IV.   CONCLUSION

The Parties' settlement is fair and reasonable in all respects. Accordingly, the Parties respectfully request that the Court approve the settlement, dismiss this action with prejudice, and for such other relief as this Court deems just and proper.

Respectfully submitted,

*s/ Sean Short*
Sean Short, Ark. Bar No. 2015079
Sanford Law Firm, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
sean@sanfordlawfirm.com

**ATTORNEY FOR PLAINTIFFS**

And

*s/ Philip R. Bruce*
Philip R. Bruce, OBA # 30504
Alyssa N. Lankford, OBA # 33944
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  731020-7103
Telephone: (405) 235-9621
Facsimile:  (405) 235-0439
philip.bruce@mcafeetaft.com
alyssa.lankford@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT
SMART OILFIELD SOLUTIONS, L.L.C**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Sean Short, Ark. Bar No. 2015079
Sanford Law Firm, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
sean@sanfordlawfirm.com

                                            *Philip R. Bruce*
                                            Philip R. Bruce